IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| J. MICHAEL MOORE, ET AL., <br> PLAINTIFFS, <br><br> V. <br><br> JP MORGAN CHASE BANK NATIONAL ASSOCIATION, <br> DEFENDANT. | § § § § § § § § § § § | CIVIL NO. 3:20-CV-1131-X-BK |

## AGREED PROTECTIVE ORDER

Plaintiff/Counter-Defendant Laurie Moore aka Laurie A. Moore ("Plaintiff"), Defendant/Counter-Plaintiff JPMorgan Chase Bank, N.A. ("JPMC"), and the United States of America (the "U.S.") stipulate and agree to the following Order:

1. Plaintiff, JPMC, and the U.S. are collectively the "Parties" for purposes of this Agreed Protective Order.

2. Plaintiff, JPMC, and the U.S. anticipate that a probate action will be opened for the estate of Jeffrey Michael Moore, who is deceased, and that a personal representative will be appointed by the probate court. It is also anticipated the personal representative will be substituted in this case for J. Michael Moore aka Jeffrey Michael Moore.

3. Plaintiff, the U.S., and the personal representative, once appointed, may seek information in this lawsuit from JPMC pertaining to loan account number ******2859 (the Loan) regarding real property located at 5919 Club Hill Place, Dallas, Texas 75248. The borrowers on the Loan are Laurie Moore aka Laurie A. Moore and Jeffrey Michael Moore, who is deceased.

4. Information sought from JPMC regarding the Loan may include private or

confidential under state or federal law, including but not limited to the Gramm-Leach-Bliley Act.

5. The Parties, therefore, agree that information or documents produced in this lawsuit that are not available to the public may be designated "CONFIDENTIAL." The court reporter attending a deposition and the Parties shall not provide any such confidential material (Confidential Material) to any nonparty absent a valid court order compelling the same.

6. The Parties further agree that the transcript of any deposition and any video or audio recording of the deposition (or any portion thereof) may be designated "CONFIDENTIAL" by JPMC either (1) on the record at the deposition or (2) in writing within 30 days after JPMC's receipt of the deposition transcript or video or audio recording. The entirety of any deposition transcript and any audio or video record of the deposition shall be treated as Confidential Material at the deposition and continuing until 30 days after JPMC's receipt of the deposition transcript or video or audio recording and shall remain Confidential Material upon designation as described previously in this paragraph.

7. The Confidential Material shall be disclosed only to the authorized representatives of parties to this litigation; their counsel assisting in the conduct of this litigation, including secretarial, clerical, and paralegal employees of such counsel; and any independent experts engaged by Plaintiff or JPMC for purposes of this litigation. The Confidential Material shall be used by Plaintiff or JPMC and their legal counsel only for purposes of this litigation.

8. Any person to whom the Confidential Material is shown or to whom information contained in such material is to be revealed shall first be required to agree in writing to be bound by the terms of this Order, in the form attached as Exhibit A to this Order, and the counsel employing such persons or making such disclosure to such persons shall retain that signed, written

agreement. As to each person to whom any information contained in the Confidential Material is revealed or shown pursuant to this Order, such information may be used only to prepare discovery, pretrial proceedings, trial, or appeals in this litigation, but may not be used for any other purpose except pursuant to Court order.

9. Upon conclusion of this litigation, whether by judgment, settlement, or otherwise, counsel of record and each party, person, and entity who obtained Confidential Material or information claimed to be confidential shall assemble and return to counsel for the party providing the Confidential Material all materials that reveal or tend to reveal information contained in the Confidential Material, except that all materials constituting work product of counsel of record shall be immediately destroyed. No originals, copies, summaries, or other embodiment of any such Confidential Material will be retained by any person or entity to whom disclosure was made.

10. Counsel shall maintain a list of the names of all persons to whom disclosure of Confidential Material was made.

11. Nothing in this Order shall waive or modify any past, present, or future duty as to confidentiality, if any, which may arise independently, whether by contract or otherwise.

12. Any party may object to the unnecessary or improper disclosure of Confidential Material and may seek appropriate relief to prevent such disclosure.

13. Inadvertent or unintentional production of documents or information containing Confidential Material which is not designated "CONFIDENTIAL" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

14. Nothing contained in this Order will be construed as: (a) a waiver by a party or person of its right to object to any discovery request or of any objection made to a discovery

request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

15. Nothing in this Order shall preclude a party from seeking modification of this Order.

16. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Material is produced or disclosed. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO ORDERED on May 6, 2022

RENÉE HARRIS TOLIVER
United States Magistrate Judge

**AGREED AND APPROVED:**

*/s/Darwin McKee (with permission)*
Darwin McKee
Texas Bar No. 13695700
13276 Research Boulevard, Suite 209
Austin, Texas 78750
Phone: (512) 637-1476
Fax (512) 233-5111
darwinmckee@yahoo.com

**ATTORNEY FOR PLAINTIFF / COUNTER-DEFENDANT
LAURIE MOORE AKA LAURIE A. MOORE**

*/s/ Rachel L. Hytken*
WM. LANCE LEWIS
Texas Bar No. 12314560
RACHEL L. HYTKEN
Texas Bar No. 24072163
**QUILLING, SELANDER, LOWNDS,
 WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Phone)
(214) 871-2111 (Fax)
llewis@qslwm.com
rhytken@qslwm.com

**ATTORNEYS FOR DEFENDANT / COUNTER-PLAINTIFF
JPMORGAN CHASE BANK, N.A.**




CHAD E. MEACHAM
UNITED STATES ATTORNEY

*/s/ Brian W. Stoltz (with permission)*
Brian W. Stoltz
Assistant United States Attorney
Texas Bar No. 24060668
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8626
Facsimile: 214-659-8807
brian.stoltz@usdoj.gov
Attorneys for the United States